# IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

FILED

JUN 1 6 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST OKLA
BY_____, DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR 26-271 G |
| | ) | |
| STEWART JOHNSON and | ) | Violations: 18 U.S.C. § 1349 |
| STEPHEN JOHNSON, | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1957(a) |
| Defendants. | ) | 18 U.S.C. § 982(a)(1) |
| | ) | 18 U.S.C. § 982(a)(7) |
| | ) | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Federal Grand Jury charges:

## BACKGROUND

At all times relevant to this Indictment:

### The TRICARE Program

1.    TRICARE was a health care program of the United States Department of Defense Military Health System that provided coverage for active-duty service members, retirees, their families, and survivors. Individuals who received health care benefits through TRICARE were called TRICARE beneficiaries.

2.    The Defense Health Agency ("DHA"), an agency of the United States Department of Defense, oversaw and administered TRICARE.

3.    TRICARE was a health care benefit program as defined by Title 18, United States Code, Section 24(b).

**The Defendants, Their Financial Accounts, and Combined Home Medical Equipment**

4.    Johnson Medical Consulting, d/b/a Combined Home Medical Equipment ("Combined"), was a limited liability company located in Lawton, Oklahoma. Combined was a supplier of durable home medical equipment.

5.    **STEWART JOHNSON** was a respiratory care practitioner and managing operator of Combined.

6.    **STEPHEN JOHNSON**, son of **STEWART JOHNSON**, was also a managing operator of Combined.

7.    Combined maintained two commercial accounts at Liberty National Bank ("Liberty National") ending x5754 and x3146. **STEWART JOHNSON** was an authorized signatory for Account x5754. **STEWART JOHNSON** and **STEPHEN JOHNSON** were authorized signatories for Account x3146.

8.    **STEWART JOHNSON** and **STEPHEN JOHNSON** maintained a personal account at Liberty National ending x6932. Both were authorized signatories for Account x6932.

9.    **STEWART JOHNSON** maintained a personal money market account at Arvest Bank ("Arvest") ending x0290.

10.   **STEPHEN JOHNSON** maintained a personal account at Arvest ending x1216.

11.   **STEWART JOHNSON** maintained a commercial account in the name of Johnson Ranch, LLC, at Liberty National ending x1854.

12.   Combined purportedly provided goods and services to TRICARE beneficiaries, submitted claims for reimbursement to the DHA, and received payments in return from the DHA. Although Combined offered customers a range of durable medical equipment, it primarily billed TRICARE for goods and services related to Continuous Positive Airway Pressure ("CPAP") machines, which are used to treat sleep apnea.

### Current Procedural Terminology Code 94660

13.   When TRICARE providers furnished health care goods or services to TRICARE beneficiaries, they could submit claims for reimbursement to contractors who managed the TRICARE program. The claims described the goods or services provided to beneficiaries by using billing codes known as current procedural terminology ("CPT") codes. TRICARE relied on CPT codes submitted by a provider to determine whether to issue a reimbursement and at what amount.

14.   TRICARE physicians could bill CPT Code 94660 when they provided face-to-face services to a TRICARE beneficiary related to the initial setup or continuing oversight, evaluation, and adjustment of a beneficiary's

CPAP machine and therapy. Only certain qualified physicians could provide, or directly supervise, services billed under CPT Code 94660.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

15.    The Federal Grand Jury incorporates paragraphs 1 through 14 by reference.

16.    From in or around January 2018 and continuing through in or around December 2024, in the Western District of Oklahoma,

—————————————— **STEWART JOHNSON and**
**STEPHEN JOHNSON** ——————————————

knowingly and voluntarily combined, conspired, confederated, and agreed with each other and others, both known and unknown to the Federal Grand Jury, to interdependently execute a scheme and artifice to defraud TRICARE, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

### The Object of the Conspiracy

17.    The object of the conspiracy was for **STEWART JOHNSON** and **STEPHEN JOHNSON** to unlawfully enrich themselves and others by submitting and causing to be submitted false and fraudulent claims for reimbursement to TRICARE under CPT Code 94660 for face-to-face CPAP-

4

related services that Combined did not provide, and was not qualified to provide, to TRICARE beneficiaries.

### The Manner and Means of the Conspiracy

18. The manner and means by which **STEWART JOHNSON** and **STEPHEN JOHNSON** sought to accomplish the object of the conspiracy included, among other things, the following:

19. TRICARE beneficiaries in the Lawton, Oklahoma area—including active-duty servicemembers—who were diagnosed with sleep apnea were often referred by their physicians to Combined for their CPAP machines.

20. When initially providing CPAP machines to TRICARE beneficiaries, Combined would ensure that the CPAP machine's mask fit the beneficiary and generally explain how to use it. Beneficiaries would receive supplies to use the machine for an extended period of time, often up to 15 months' worth.

21. Thereafter, **STEWART JOHNSON** and **STEPHEN JOHNSON** submitted and caused to be submitted claims to TRICARE under CPT Code 94660 that fraudulently represented that Combined continued to regularly provide face-to-face CPAP-related services to TRICARE beneficiaries, even though beneficiaries would rarely or sometimes never return to Combined.

22. For many TRICARE beneficiaries, **STEWART JOHNSON** and **STEPHEN JOHNSON** submitted and caused to be submitted claims to

TRICARE under CPT Code 94660 that fraudulently represented that Combined had provided face-to-face CPAP-related services to TRICARE beneficiaries nearly every day each month.

23. Moreover, throughout this period, Combined did not employ a physician who satisfied the TRICARE provider requirements to bill CPT Code 94660. Despite the absence of a qualified supervising physician, **STEWART JOHNSON** and **STEPHEN JOHNSON** submitted and caused to be submitted claims to TRICARE billed under CPT Code 94660.

24. In truth, TRICARE beneficiaries were not receiving daily face-to-face CPAP-related services from Combined as **STEWART JOHNSON** and **STEPHEN JOHNSON** represented in their claims to TRICARE.

### Acts in Furtherance of the Conspiracy

25. TRICARE beneficiary G.C. received a CPAP machine from Combined in or about January 2019. Between then and in or about August 2023, G.C. returned to Combined approximately three or four times to receive additional CPAP supplies. Nonetheless, **STEWART JOHNSON** and **STEPHEN JOHNSON** submitted and caused to be submitted approximately 37 claims to TRICARE under CPT Code 94660 that false and fraudulently claimed that Combined had provided face-to-face CPAP-related services to G.C. 875 times from October 2019 to September 2023.

26.    Moreover, from June 2021 to June 2022, G.C., then an active duty servicemember, was continuously deployed out of the country. Even so, during this period, **STEWART JOHNSON** and **STEPHEN JOHNSON** submitted and caused to be submitted approximately 12 claims to TRICARE under CPT Code 94660 that false and fraudulently claimed that Combined had provided face-to-face CPAP-related services to G.C. approximately 290 times while he was deployed out of the country.

27.    Another TRICARE beneficiary, R.H., received a CPAP machine from Combined in or about January 2023. R.H. used the CPAP machine for approximately two months and then stopped and never returned to Combined. But **STEWART JOHNSON** and **STEPHEN JOHNSON** submitted and caused to be submitted approximately 17 claims to TRICARE under CPT Code 94660 that false and fraudulently claimed that Combined had provided face-to-face CPAP-related services to G.C. approximately 379 times between March 2023 and March 2024.

28.    Another TRICARE beneficiary, J.T., received a CPAP machine from Combined in or about June 2019 and regularly used it thereafter. J.T. returned to Combined approximately once every 15 months to receive additional supplies for his CPAP machine. Nonetheless, **STEWART JOHNSON** and **STEPHEN JOHNSON** submitted and caused to be submitted approximately 71 claims to TRICARE under CPT Code 94660 that

7

false and fraudulently claimed that Combined had provided face-to-face CPAP-related services to G.C. approximately 1,605 times between September 2019 and March 2024.

29.     In total, from January 2018 through December 2024, **STEWART JOHNSON** and **STEPHEN JOHNSON** submitted and caused to be submitted approximately 27,744 claims for reimbursement to TRICARE under CPT Code 94660 for approximately 652,954 face-to-face CPAP-related services. For these claims, Combined received in reimbursements from TRICARE approximately $27 million.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO – TWENTY-SIX
### (Wire Fraud)

30.     The Federal Grand Jury incorporates paragraphs 1 through 14 by reference.

**The Scheme to Defraud**

31.     The Federal Grand Jury incorporates paragraphs 16 and 17 by reference.

**The Manner and Means of the Scheme to Defraud**

32.     The Federal Grand Jury incorporates paragraphs 18 through 29 by reference.

8

**Wires in Furtherance of the Scheme to Defraud**

33.    On or about the dates listed below for each count, in the Western District of Oklahoma,

——————————— STEWART JOHNSON and
STEPHEN JOHNSON, ———————————

for the purposes of executing and attempting to execute the aforementioned scheme and artifice to defraud TRICARE, and to obtain money and property by means of materially false and fraudulent pretenses and representations, with intent to defraud TRICARE, caused the transmission by means of wire communication in interstate commerce the following false and fraudulent claims for reimbursement under CPT Code 94660 for face-to-face CPAP-related services that Combined did not provide, and was not qualified to provide, to TRICARE beneficiaries:

| Count | Approximate Date of Wire Transmission of Claim | TRICARE Beneficiary Listed in Claim | Purported Dates of Service | Units Billed for Dates of Service |
|---|---|---|---|---|
| 2 | 09/07/2021 | G.C. | 07/12/2021 – 08/09/2021 | 29 |
| 3 | 09/27/2021 | G.C. | 08/10/2021 – 09/07/2021 | 29 |
| 4 | 10/28/2021 | G.C. | 09/08/2021 – 10/06/2021 | 29 |
| 5 | 11/26/2021 | G.C. | 10/07/2021 – 11/04/2021 | 29 |
| 6 | 01/06/2022 | G.C. | 11/05/2021 – 12/03/2021 | 29 |
| 7 | 03/10/2022 | G.C. | 01/02/2022 – 01/30/2022 | 29 |

| 8 | 03/10/2022 | G.C. | 01/31/2022 – 02/28/2022 | 29 |
|---|---|---|---|---|
| 9 | 04/07/2022 | G.C. | 03/01/2022 – 03/29/2022 | 29 |
| 10 | 12/16/2021 | J.T. | 10/28/2021 – 11/25/2021 | 29 |
| 11 | 01/13/2022 | J.T. | 11/26/2021 – 12/24/2021 | 29 |
| 12 | 05/13/2022 | J.T. | 03/22/2022 – 04/19/2022 | 29 |
| 13 | 07/07/2022 | J.T. | 05/19/2022 – 06/16/2022 | 29 |
| 14 | 08/25/2022 | J.T. | 06/17/2022 – 07/15/2022 | 29 |
| 15 | 03/31/2023 | J.T. | 01/15/2023 – 02/12/2023 | 29 |
| 16 | 06/30/2023 | J.T. | 04/12/2023 – 05/10/2023 | 29 |
| 17 | 07/12/2023 | J.T. | 05/11/2023 – 06/08/2023 | 29 |
| 18 | 07/31/2023 | J.T. | 06/09/2023 – 07/07/2023 | 29 |
| 19 | 06/21/2023 | R.H. | 04/30/2023 – 05/28/2023 | 29 |
| 20 | 07/10/2023 | R.H. | 05/29/2023 – 06/26/2023 | 29 |
| 21 | 08/08/2023 | R.H. | 06/27/2023 – 07/25/2023 | 29 |
| 22 | 09/13/2023 | R.H. | 07/26/2023 – 08/23/2023 | 29 |
| 23 | 10/12/2023 | R.H. | 08/24/2023 – 09/21/2023 | 29 |
| 24 | 01/17/2024 | R.H. | 11/19/2023 – 12/17/2023 | 29 |
| 25 | 03/11/2024 | R.H. | 01/16/2024 – 02/13/2024 | 29 |
| 26 | 03/25/2024 | R.H. | 02/14/24 – 03/13/2024 | 29 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS TWENTY-SEVEN – TWENTY-NINE
### (Money Laundering)

34.    The Federal Grand Jury incorporates paragraphs 1 through 14, 16 through 29, and 33 by reference.

35.    On or about the dates listed below for each count, in the Western District of Oklahoma,

———————————————— STEWART JOHNSON ————————————————

knowingly engaged in monetary transactions through a financial institution, affecting interstate commerce, in criminally derived property worth more than $10,000.00. In particular, **STEWART JOHNSON** initiated withdrawals from accounts at Liberty National Bank for the purchase of various residential properties in Lawton, Oklahoma, such property having been derived from a federal health care offense, a specified unlawful activity under Title 18, United States Code, Section 1956(c)(7)(F):

| Count | Date of Transaction | Amount of Transaction | Residential Property Purchased | Originating Account of Transaction |
|---|---|---|---|---|
| 27 | 09/09/2021 | $198,870.93 | 903 SW 78th Street, Lawton, Oklahoma 73505 | Liberty National x1854 |
| 28 | 11/04/2024 | $24,000.00 | 4 SW Deyo Mission Road, Lawton, Oklahoma 73505 | Liberty National x6932 |
| 29 | 12/17/2024 | $216,000.00 | 4 SW Deyo Mission Road, Lawton, Oklahoma 73505 | Liberty National x6932 |

11

All in violation of Title 18, United States Code, Section 1957(a).

## COUNTS THIRTY – THIRTY-SEVEN
### (Money Laundering)

36.    The Federal Grand Jury incorporates paragraphs 1 through 14, 16 through 29, and 33 by reference.

37.    On or about the dates listed below for each count, in the Western District of Oklahoma,

———————————— STEWART JOHNSON ————————————

knowingly engaged in monetary transactions through a financial institution, affecting interstate commerce, in criminally derived property worth more than $10,000.00. In particular, **STEWART JOHNSON** initiated withdrawals from accounts at Liberty National Bank and Arvest Bank for the purchase of numerous vehicles, such property having been derived from a federal health care offense, a specified unlawful activity under Title 18, United States Code, Section 1956(c)(7)(F):

| Count | Date of Transaction | Amount of Transaction | Vehicle Purchased | Originating Account of Transaction |
|---|---|---|---|---|
| 30 | 12/09/2021 | $76,675.00 | 2021 Ford F-150 King Ranch | Liberty National x3146 |
| 31 | 03/08/2023 | $27,247.00 | 2022 Ford Edge | Liberty National x3146 |
| 32 | 08/31/2022 | $34,345.00 | 2022 Hyundai Santa Fe | Arvest x0290 |

12

| 33 | 10/18/2023 | $36,033.65 | 2023 Harley Davidson Road Glide Special | Liberty National x1854 |
| 34 | 01/22/2025 | $96,000.00 | 2024 Ford F-150 Tremor | Liberty National x6932 |
| 35 | 03/05/2025 | $73,000.00 | 2025 Lincoln Aviator | Liberty National x6932 |
| 36 | 03/18/2025 | $66,892.00 | 2024 Lincoln Aviator | Liberty National x6932 |
| 37 | 04/14/2025 | $62,346.60 | 2025 Ford Mustang GT Convertible | Liberty National x3146 |

All in violation of Title 18, United States Code, Section 1957(a).

## COUNTS THIRTY-EIGHT
### (Money Laundering)

38.    The Federal Grand Jury incorporates paragraphs 1 through 14, 16 through 29, and 33 by reference.

39.    On or about April 15, 2024, in the Western District of Oklahoma,

———————————————— STEPHEN JOHNSON ————————————————

knowingly engaged in monetary transactions through a financial institution, affecting interstate commerce, in criminally derived property worth more than $10,000.00. In particular, **STEPHEN JOHNSON** initiated a withdrawal in the amount of $73,816.00 from an account at Liberty National Bank (ending x3146) for the purchase of a 2024 Jeep Grand Cherokee, such property having

been derived from a federal health care offense, a specified unlawful activity under Title 18, United States Code, Section 1956(c)(7)(F).

All in violation of Title 18, United States Code, Section 1957(a).

### COUNTS THIRTY-NINE – FORTY-TWO
### (Money Laundering)

40.    The Federal Grand Jury incorporates paragraphs 1 through 14, 16 through 29, and 33 by reference.

41.    On or about the dates listed below for each count, in the Western District of Oklahoma,

———————————— STEPHEN JOHNSON ————————————

knowingly engaged in monetary transactions through a financial institution, affecting interstate commerce, in criminally derived property worth more than $10,000.00. In particular, **STEPHEN JOHNSON** made the following transfers of funds from his personal account at Arvest Bank (ending x1216) as payments to American Express to pay down the credit card balance of an American Express Card, such property having been derived from a federal health care offense, a specified unlawful activity under Title 18, United States Code, Section 1956(c)(7)(F):

| Count | Date of Transaction | Amount of Transaction |
|-------|--------------------|-----------------------|
| 39 | 07/11/2023 | $73,640.18 |
| 40 | 04/16/2024 | $67,848.80 |
| 41 | 08/15/2024 | $77,677.79 |
| 42 | 09/03/2024 | $86,829.29 |

All in violation of Title 18, United States Code, Section 1957(a).

## COUNT FORTY-THREE
### (Money Laundering)

42.    The Federal Grand Jury incorporates paragraphs 1 through 14, 16 through 29, and 33 by reference.

43.    On or about November 12, 2024, in the Western District of Oklahoma,

———————————— STEWART JOHNSON ————————————

knowingly engaged in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property worth more than $10,000.00. In particular, **STEWART JOHNSON** transferred $43,240.77 from his personal account at Arvest Bank (ending x0290) as payment to American Express to pay down the credit card balance of an American Express Card, such property having been derived from a federal health care offense, a specified unlawful activity under Title 18, United States Code, Section 1956(c)(7)(F).

All in violation of Title 18, United States Code, Section 1957(a).

15

## FORFEITURE

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

Upon conviction of any of the offenses alleged in Counts 1 through 26 of this Indictment, **STEWART JOHNSON** shall forfeit to the United States of America any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s).

Upon conviction of any of the offenses alleged in Counts 27 through 37 and 43 of this Indictment, **STEWART JOHNSON** shall forfeit to the United States of America any property, real or personal, involved in such offense(s), or any property traceable to such property.

Upon conviction of any of the offenses alleged in Counts 1 through 26 of this Indictment, **STEPHEN JOHNSON** shall forfeit to the United States of America any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s).

Upon conviction of any of the offenses alleged in Counts 38 through 42 of this Indictment, **STEPHEN JOHNSON** shall forfeit to the United States of America any property, real or personal, involved in such offense(s), or any property traceable to such property.

The property subject to forfeiture includes, but is not limited to:

16

a.    a sum of money or money judgment equal to $27,017,516.05, representing the amount of cash proceeds obtained as a result of the offenses;

b.    approximately $524,691.42 in U.S. currency from Liberty National Bank Account x7269;

c.    approximately $502,073.03 in U.S. currency from Forbright Bank Account x4201;

d.    approximately $277,686.36 in U.S. currency from Ivy Bank Account x3235;

e.    approximately $180,362.77 in U.S. currency from Pentagon Federal Credit Union Account x5449-01-8;

f.    approximately $57,727.43 in U.S. currency from American Express Account x5292;

g.    approximately $12,970.19 in U.S. currency from American Express Account x7784;

h.    approximately $4,268.39 in U.S. currency from American Express Account x7631;

i.    a white 2020 Ford F-150 Raptor, bearing vehicle identification number (VIN) 1FTFW1RG6LFB66586;

j.    a 2024 Yamaha Drive2PVT golf cart, bearing serial number J0D-703834;

k.    a white 2021 Ford F-150 King Ranch, bearing VIN 1FTFW1ED5MFD00937;

l.    a white 2025 Ford Mustang GT, bearing VIN 1FAGP8FF6S5113337;

m.    a blue 2024 Lincoln Aviator, bearing VIN 5LM5J7XCXRGL07880;

17

n.  a white 2024 Ford F-150 Tremor, bearing VIN 1FTFW4L59RFB67538;

o.  a red 2025 Lincoln Aviator, bearing VIN 5LM5J7XC3SGL06771;

p.  a white 2024 Jeep Grand Cherokee, bearing VIN 1C4RJHEG7R8928198;

q.  a 2023 Harley-Davidson Road Glide, bearing VIN 1HD1AFP10PB661205;

r.  a 2022 Yamaha Wolverine, bearing VIN 5Y4AN40Y1NA101656;

s.  a 2021 Yamaha Viking, bearing VIN 5Y4AMC7E6MA100929;

t.  a white 2020 Ford F-250 Super Duty, bearing VIN 1FT8W2BT7LED48776;

u.  a red 2022 Ford Edge bearing VIN 2FMPK4K9XNBB15640;

v.  real property located at 4 SW Deyo Mission Road, Lawton, Oklahoma 73505, described specifically as:

a tract of land beginning at the Northwest Corner of the NW/4 of Section 35, Township 2 North, Range 13 West, Comanche County, Oklahoma, according· to the U.S. Government Survey thereof; thence S0°26'57"W along the West Section Line a distance of 523.4 feet; thence S89°33'03"E perpendicular to said Section Line a distance of 1,226.19 feet to the Northwest Corner of the described tract, being a true point of beginning; thence S83°24'22"E a distance of 196.32 feet; thence S01°14'10"E a distance of 378.38 feet; thence N76°06'00"W a distance of 183.57 feet; thence Northwesterly along a curve to the right with a central angle of 39°11'35" and a radius of 240.0 feet a distance of 164.17 feet; thence Northeasterly along a compound curve to the right with a central angle of 76°29'33" and a radius of 112.86 feet a distance of 150.67 feet; thence

18

N39°35'08"E a distance of 166.34 feet to the point of beginning;

w. real property located at 903 SW 78th Street, Lawton, Oklahoma 73505, described specifically as:

Lot Twenty-eight (28), Block Four (4), WEST HILL, Part 1B, to the City of Lawton, Comanche County, Oklahoma, according to the recorded plat thereof; and

x. real property located at 602 SW Eden Place, Lawton, Oklahoma 73505, described specifically as:

Lot six (6), Block Four (4) PECAN LAKES WEST part 1, to the City of Lawton, Comanche County, Oklahoma, according to the recorded plat thereof.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), **STEPHEN JOHNSON** and **STEWART JOHNSON** shall forfeit substitute property, up to the value of the property described above, if by any act or omission of the defendants the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property that cannot be subdivided without difficulty.

19

All pursuant to Title 18, United States Code, Section 982(a)(1); Title 18, United States Code, Section 982(a)(7); and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
United States Attorney

D.H. DILBECK
Assistant United States Attorney